IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:12-cr-000318-SWW |
| | * | |
| | * | |
| MARCUS LAMONT EASON, | * | |
| | * | |
| Defendant. | * | |

ORDER

Defendant Marcus Lamont Eason is charged in a two-count superseding indictment as follows: Count I–felon in possession of a firearm on June 17, 2012, in violation of 18 U.S.C. § 922(g)(1); and Count II–felon in possession of ammunition on April 9, 2013 while on pretrial release for Count I, in violation of 18 U.S.C. §§ 922(g)(1) and 3147(1).[1]  Trial is scheduled for September 29, 2014.[2]

Before the Court is Eason's motion to dismiss the superseding indictment [doc.#42] on grounds that the sole evidence of an interstate nexus under 18 U.S.C. § 922(g) will be that the firearm and ammunition in question were manufactured outside the State of Arkansas and § 922(g) is an unconstitutional and invalid exercise of the congressional Commerce Clause power.  The Court denies Eason's motion to dismiss the

---

[1] According to the superseding indictment, Eason was previously convicted of first degree battery, third degree domestic battering, delivery of cocaine, and robbery, all crimes of which were punishable by terms of imprisonment exceeding one year.

[2] By order entered December 3, 2013 [doc.#32], the Court denied Eason's motion to sever the counts.

superseding indictment as the Eighth Circuit has repeatedly upheld the constitutionality of § 922(g) under the Commerce Clause.  See, *e.g., United States v. Stuckey*, 255 F.3d 528 (8th Cir. 2001); *United States v. Shepherd*, 284 F.3d 965 (8th Cir. 2002); *United States v. Schmidt*, 571 F.3d 743 (8th Cir. 2009).  In this respect, "the requirement that a gun must have been in interstate commerce at some point is sufficient to show a proper nexus under the Commerce Clause."  *Shepherd*, 284 F.3d at 969 (citing *United States v. Bates*, 77 F.3d 1101 (8th Cir. 1996)).

IT IS THEREFORE ORDERED that Eason's motion to dismiss the superseding indictment [doc.#42] be and it hereby is denied.

Dated this 13th day of February 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE