# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                         4:12-CR-00318-01 SWW

MARCUS LAMONT EASON

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 131) is DENIED.

## I.   BACKGROUND

On October 1, 2014, a jury found Defendant guilty of being a felon in possession of a firearm and a felon in possession of ammunition while on pretrial release.[1] On January 22, 2015, he was sentenced to 300 months in prison.[2]

## II.   DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and

---

[1] Doc. Nos. 69, 70.

[2] Doc. Nos. 81, 82.

1

compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant has provided neither argument nor evidence that he has requested relief from the warden and exhausted his administrative remedies. Accordingly, this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied. In support of his motion, Defendant asserts that on November 23, 2020 he tested positive for COVID-19 and the prison lacks medical staff or equipment to tend to him. He claims that he has suffered from headaches and body aches. However, Defendant signed his filing on December 7, 2020 – 14 days later – and has not indicated whether he continues to suffer from complications of COVID-19. First, headaches and body aches are not an "extraordinary and compelling" reason warranting release. Although the First Step Act does not define this phrase, it defers to the

---

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

United States Sentencing Guidelines, which does set out examples.[5]  Defendant's health conditions are not listed.  Furthermore, Defendant has not shown that his health conditions are severe enough to prevent him from independently functioning within the prison, and he provides neither argument nor evidence that his health conditions are unable to be controlled with medication.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]  Third, Defendant is 41 years old and has served less than a third of his sentence, which means that he does not meet the age or minimum served time requirements under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically,

---

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

3

protecting the public from additional crimes by Defendant and the need for the sentence imposed to reflect the severity of the offense.

Defendant has seven prior convictions, including robbery, battery domestic battery, delivery of cocaine, and felon in possession of a firearm – which is the same behavior as the instant offense. In fact, Defendant was on under a criminal justice sentence when he committed the instant offense.

The severity of the instant offense must also be considered. Sheila Noble called police after Defendant threatened to "kill everyone in the house . . . and burn the house down." Defendant left before officers arrived. While officers were searching the area, Ms. Noble again called the police and told them that Defendant was in her backyard and fired a gun three times. Eventually, officers located Defendant and saw him throw a gun aside. Officers arrested Mr. Eason and found the gun, which matched the bullets fired in Ms. Noble's backyard. While on pretrial release, Defendant was involved in an aggravated assault. While fleeing the scene, Defendant fired two shots toward the house where the altercation took place.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 131) is DENIED.

IT IS SO ORDERED, this 4th day of January, 2021.

<u>Susan Webber Wright</u><br>UNITED STATES DISTRICT JUDGE