IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.  4:12-CR-00318-SWW

MARCUS LAMONT EASON

## ORDER

For the reasons set out below, Defendant's Motions for Compassionate Release (Doc. Nos. 134, 136) and Motion to Appoint Counsel (Doc. No. 135) are DENIED.

### I.   BACKGROUND

On October 1, 2014, a jury found Defendant guilty of being a felon in possession of a firearm and felon in possession of ammunition while on pretrial release.[1] On February 16, 2017, following a re-sentencing hearing, Defendant was sentenced to 262 months in prison.[2]

### II.   DISCUSSION

Defendant asserts that he is entitled to compassionate release because he would "receive a significantly lower sentence" if sentenced today and based on his rehabilitation while incarcerated. First, Defendant still qualifies for the enhancement under the ACCA, so his claim that, today, he would be exposed to a significantly lower sentence is without merit. Second, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . ." for relief.[3]

---

[1] Doc. Nos. 69, 70.

[2] Doc. Nos. 99, 101.

[3] *See* U.S.S.G. § 1B1.13(d).

1

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has seven prior convictions, including robbery, battery domestic battery, delivery of cocaine, and felon in possession of a firearm – which is the same behavior as the instant offense. In fact, Defendant was on under a criminal justice sentence when he committed the instant offense.

The severity of the instant offense must also be considered. Sheila Noble called police after he threatened to "kill every one in the house . . . and burn the house down." Defendant left before officers arrived. While officers were searching the area, Ms. Noble again called the police and told them that Defendant was in her backyard and fired a gun three times. Eventually, officers located Defendant and saw him throw a gun aside. Officers arrested Mr. Eason and found the gun, which matched the bullets fired in Ms. Noble's backyard. While on pretrial release, Defendant was involved in an aggravated assault. When fleeing the scene, Defendant fired two shots toward the house where the altercation took place.

## CONCLUSION

Defendant's Motions for Compassionate Release (Doc. Nos. 134, 136) and Motion to Appoint Counsel (Doc. No. 135) are DENIED.

IT IS SO ORDERED, this 12th day of September, 2024.

*Billy R. Wilson*
UNITED STATES DISTRICT JUDGE